UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KAY SIEVERDING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 24-cv-00246-JL-AJ |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT (DN 40-1)

I.     INTRODUCTION.

On January 10, 2025, Plaintiff filed a Second Amended Complaint in this action, which is her latest salvo in her decades-long litigation against the United States and its various agencies arising from her personal arrests and detentions between 2005 and 2007, and in her efforts to challenge the government's records relating to same. See *Sieverding v. United States*, Case No. 22-cv-198-SE, 2023 WL 4627650 (D.N.H. July 19, 2023) for a recitation of Plaintiff's extensive litigation history.  As Plaintiff herself concedes, "this lawsuit originated in the District of Colorado."  DN 40-1 at 2.  Plaintiff, along with her husband and two sons, brought that suit over twenty years ago challenging certain zoning decisions that affected them and their former neighbors.  Numerous filings by Plaintiff in that action resulted in a filing restriction against her, which she violated by commencing multiple suits against the United States, its agencies, and related private parties concerning her initial suit and filing restrictions.  This resulted in the District Court in Colorado finding her in civil contempt and in her arrests and multiple detentions.  She then brought dozens of lawsuits over the past two decades, challenging those detentions, the filing restriction and the dismissal of her initial lawsuit.  Just in 2023, this Court

dismissed her most recent prior action, and denied her motion to file an amended complaint. *Sieverding*, 2023 WL 4627650. And here we are again.

The Second Amended Complaint DN 40-1, at 27 pages and 367 numbered paragraphs, is nearly impossible to comprehend. It contains only one "claim" which purports to be based both on 42 U.S.C. § 1985(2) and the Privacy Act. It alleges a conspiracy by the Department of Justice in connection with Plaintiff's initial case brought and decided 19 years ago in the District of Colorado along with another case brought and decided soon after in the District of Columbia and appears to argue that DOJ made misrepresentations at the time of those lawsuits that lead to her losing them, and to her detention at the time. She seeks approximately $8.5 million in damages, which she states are the damages she would have been entitled to pursuant to those two actions had the Department of Justice not obstructed those cases. She also appears to allege that the Department of Justice has since made misrepresentations about those cases as part of a cover-up, but asserts no additional damages.

Plaintiff's Second Amended Complaint, once again, fails to comply with the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure. Additionally, Plaintiff fails to state a claim upon which relief can be granted, as each of the claims in the Second Amended Complaint are improper challenges to court decisions in cases previously litigated by Plaintiff against the United States and are barred by res judicata. They are alternatively decades-old allegations barred by the statute of limitations.[1] For these reasons, the Court should dismiss the Second Amended Complaint.

---

[1] In appropriate cases, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim. *Colonial Mortg. Bankers Corp. v. Lopez-Stubbe*, 324 F.3d 12, 16 (1st Cir. 2003); *see, e.g., Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998); *Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1165 (1st Cir. 1991). The affirmative defenses of res judicata and the statute of limitations

II.     LEGAL STANDARD.

A Rule 12(b)(6) motion to dismiss assesses the sufficiency of a complaint, testing whether the plaintiff has pled sufficient facts to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Twombly*, 550 U.S. at 570. In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

are no exception. *Colonial Mortg. Bankers Corp.*, 324 F.3d at 16; s*ee, e.g., Boateng v. InterAmerican Univ.*, 210 F.3d 56, 60 (1st Cir. 2000); *Kale*, 924 F.2d at *1165; Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008).

3

III.    ARGUMENT.

    1.    <u>The Second Amended Complaint Does Not Comply with Rule 8's Pleading Requirement</u>.

The Federal Rules of Civil Procedure require that a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) also requires each allegation in the complaint to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57 (D. Mass. 2015).

A district court may dismiss a complaint that fails to comply with Rule 8's "short and plain statement" requirement. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). Although verbosity and length are generally insufficient grounds for dismissal, complaints that are "unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend may be dismissed." *Chalifoux v. Chalifoux*, No. 14-cv-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014). The court and adverse party must be able to understand the allegations without undue burden. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 418 (D.D.C. 2017) (explaining that parties must be able to discern the essential facts of the case without having to "fish a gold coin from a bucket of mud"); *see also Shallal v. Gates*, 254 F.R.D. 140, 143 n.6 (D.D.C. 2008) ("It is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit.").

Plaintiff's Second Amended Complaint is "perhaps a perfect illustration of the ills which Rule 8 seeks to prevent." *Galvin v. Metrocities Mortg., LLC*, Civil No. 16-cv-268-JL, 2017 WL 1424654, at *1 (D.N.H. March 7, 2017). The overwhelming majority of the Second Amended

4

Complaint is dedicated to allegations asserted in the myriad lawsuits Plaintiff has pursued against the government over the past quarter century, all arising, apparently, from a zoning dispute in 1999 in the city of Steamboat Springs, Colorado. DN 40-1

The entirety of the Second Amended Complaint is 27 pages long and contains 367 numbered paragraphs. DN 40-1. Although the length of the Second Amended Complaint alone may not justify dismissal, its *unnecessary* length and unintelligible nature would place an unjustified burden on this Court and on Defendant were it forced to answer the Second Amended Complaint. Indeed the rehashing of the decades old history of plaintiffs' lawsuit that take up most of the hundreds of paragraphs is not even intelligibly linked to her one "claim" presented at the end of her lawsuit. As such, the Court should dismiss the Second Amended Complaint.

2. Res Judicata Bars Plaintiff's Claims.

This Court should also dismiss each of Plaintiff's claims in the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to state a claim upon which relief can be granted. The doctrine of claim preclusion, or res judicata, provides that "a final judgment on the merits precludes the parties from relitigating claims that were or could have been brought in the prior action." *Universal Ins. Co. v. Office of Ins. Comm's*, 755 F.3d 34, 37 (1st Cir. 2014). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier suit; (2) sufficient identicality between the causes of action; and (3) sufficient identicality between the parties in the two suits." *Haag v. U.S.*, 589 F.3d 43, 45 (1st Cir. 2009). Moreover, as the First Circuit has observed:

> To bring claim preclusion into play, a cause of action need not be a clone of the earlier cause of action. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. We have adopted a transactional approach to determine whether causes of action are sufficiently related to support a *res judicata* defense. Under this approach,

5

> a cause of action is defined as a set of facts which can be characterized as a single transaction or series of related transactions. This boils down to whether the causes of action arise out of a common nucleus of operative facts. In mounting this inquiry, we routinely ask whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.

*Massachusetts School of Law at Andover v. Am. Bar Ass'n*, 142 F.3d 26, 38 (1st Cir. 1998) (internal quotation marks and citations omitted) (affirming grant of summary judgment for defendant where the plaintiff had chances to raise the new claims in an earlier litigation); *see New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (defining claim preclusion as "the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.").

Each of the elements of claim preclusion are met here. As the Court is aware, Plaintiff has brought a host of claims over many years against the United States arising out of her initial real estate litigation and her arrests and detentions for failing to comply with Court-imposed filing restrictions. These claims, including conspiracy and Privacy Act claims similar to those asserted here, have all been dismissed either on the merits or because of res judicata. *See Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 109 (D.D.C. 2010) (dismissing on the merits various Privacy Act and non-Privacy Act claims, including conspiracy, against the DOJ arising out of the U.S. Marshals Service's actions in connection with Sieverding's detentions), *aff'd*, No. 13-5060, 2013 WL 6801184 (D.C. Cir. Dec. 11, 2013); *Sieverding v. U.S. Dep't of Justice*, 847 F. Supp. 2d 75, 82, 86-87 (D.D.C. 2012) (dismissing claims alleging that Sieverding "was improperly arrested and incarcerated by the USMS for civil contempt" because "[i]nsofar as they are not barred [by res judicata], they remain non-meritorious"), *aff'd* No. 13-5060, 2013 WL 6801184 (D.C. Cir. Dec. 11, 2013); *Sieverding v. Dep't of Justice*, Civil Action No. 18-

6

10916-FDS, 2018 WL 4963177, at *2 (D. Mass. Oct. 15, 2018) (dismissing on res judicata grounds claim for malicious prosecution based on the United States Marshals Service remanding Sieverding to custody); *Sieverding v. U.S. Dep't of Justice*, No. 1:17-cv-11036-PBS, Docket Nos. 56, 90, 91 (D. Mass. June 6, 2017) (dismissing several claims that "primarily complain[ ] of the alleged illegality of [Sieverding's] arrests" on res judicata grounds); *Sieverding v. United States*, Case No. 22-cv-198-SE, 2023 WL 4627650 (D.N.H. July 19, 2023) (most recently dismissing claims for malicious prosecution and violations of the Privacy Act on grounds of res judicata and denying leave to amend).

For the same reasons given by the several courts that have dismissed Plaintiff's claims against the United States arising out of her arrests and detentions in Colorado, this Court should conclude that the claim asserted in the Second Amended Complaint is barred by the doctrine of res judicata. The arguments raised in the Second Amended Complaint could have been raised in any of the dozens of other suits Plaintiff has filed against the United States. And, in fact, Plaintiff admits in the Second Amended Complaint that the arguments *were* made in previous lawsuits – she just does not agree with the outcome of those suits. Of course, to the extent Plaintiff disagrees with the final outcome of any of her previous lawsuits against the government, the proper course of action would have been to appeal those judgments, not to challenge them in this action. Because she did not, she has waived her right to challenge the validity of any orders entered in those previous suits. And, even assuming the validity of Plaintiff's argument that those rulings were somehow erroneous, "'the res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong….'" *Piazza v. Aponte Roque*, 909 F.2d 35, 38 (1st Cir. 1990) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

Although couched as claims pursuant to 42 U.S.C. § 1985(2) and the Privacy Act, 5 U.S.C. § 552a, Plaintiff's allegations in the Second Amended Complaint boil down to nothing more than the same refrain courts have heard from her for more than twenty years. This claim, like her many previous actions, relates to her initial litigation commenced over twenty years ago, her subsequent arrests and detentions, the validity of those arrests and detentions, and alleged subsequent misrepresentations relating to the initial litigation, arrests and detentions. She admits that she has litigated these issues in the past, but continues, as she has over the last two decades, to attempt to re-package her claims under slightly altered legal theories and by occasionally attempting to modify or add alleged misrepresentations by the Department of Justice. Plaintiff by her own admission seeks damages stemming only from two of her initial cases from two decades ago. She attributes no damages to any act by the government subsequent to those matters.[2]

Plaintiff has had numerous bites at this apple. It is telling that one of her first actions, which she filed in the District of Columbia, and on which she bases largely her claim in the Second Amended Complaint, was dismissed *sua sponte* by the District Court 19 years ago on the grounds that she could have brought the claims earlier and was seeking a "second bite at the apple by arguing a different legal theory using the same core facts." *Sieverding v. American Bar Association*, 439 F.Supp.2d 120, 123-124 (D.D.C 2006). Plaintiff has continued to try to chomp

---

[2] While nearly all of the allegations concerning the Department of Justice's actions have either been articulated in prior actions or clearly could have been, there appears to be arguably one "new" alleged misrepresentation, purportedly occurring in December 2024, after plaintiff's most recent action had been dismissed, i.e, DOJ allegedly refusing to correct a 2013 letter to a Senator concerning plaintiff's "felony" status. However, even this allegation relates back to something that happened over ten years ago and is just another Privacy Act alleged misrepresentation like all the ones that have been raised and dismissed previously. Thus, even this alleged misrepresentation should be covered by *res judicata*. In any event, Plaintiff attributes no damages to this alleged misrepresentation, warranting dismissal.

at the apple for the last two decades.  This Court should not allow Plaintiff another opportunity to litigate her non-meritorious claims.

    3.    <u>The Statute of Limitations Bars Plaintiff's Claim</u>.

In addition to res judicata, the two-decade age of the allegations in her claim also bars it pursuant to the statute of limitations.  The statute of limitations for claims brought under 42 U.S.C. § 1985 the forum state's personal injury statute of limitations applies.  *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).  New Hampshire's personal injury statute of limitations is three years and expired long ago.  *See Mccormick v. Town of Wakefield*, 693 F. Supp. 3d 199, 201-202 (D.N.H. 2023).  Similarly, the Privacy Act has a two-year statute of limitations, also long expired.  *Ramirez v. Department of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C 2009).

IV.    <u>CONCLUSION</u>.

For these reasons, the Court should dismiss the Second Amended Complaint with prejudice.

    Respectfully submitted,

    JAY MCCORMACK
    Acting United States Attorney

    By:  <u>/s/ Raphael Katz</u>
    Raphael Katz
    Assistant U.S. Attorney,
    NY Bar No. 4371688
    United States Attorney's Office
    53 Pleasant Street
    Concord, NH  03301
    (603) 225-1552
Dated:  January 23, 2025    raphael.katz@usdoj.gov